UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>(7) SAUL SANCHEZ ROLON,   )<br>    a/k/a "Fino"; and   )<br>)<br>(8) KEREM MENDEZ-LUZ   )<br>            Defendants.   ) | Criminal No. 15-10239-FDS |

## **FINAL ORDER OF FORFEITURE**

**SAYLOR, D.J.**

WHEREAS, on August 26, 2015, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging defendants Saul Sanchez Rolon, a/k/a "Fino" ("Defendant Rolon") and Kerem Mendez-Luz, ("Defendant Mendez-Luz") (collectively, the "Defendants"), along with others with Conspiracy to Distribute and to Possess With Intent to Distribute Heroin, in violation of 21 U.S.C. § 846 (Count One)[1], Possession of Heroin with Intent to Distribute, and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count Two), and Attempt to Possess Heroin with Intent to Distribute in violation of 21 U.S.C. §§ 841 and 846 (Count Three)

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, jointly and severally, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and/or any property used, or intended to be used, in any manner or part, to commit, or

---

[1] The Defendants were only charged in Count One of the Indictment.

to facilitate the commission of, the offense;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, October 14, 2015, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 21 U.S.C. § 853 as a result of violations of 21 U.S.C. § 846, and the Bill of Particulars identified any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including but not limited to the following:

    a. $10,217.12 in United States Currency, seized in Providence, RI, from Kerem Mendez-Luz and Saul Sanchez Rolon on July 28, 2015 (the "Currency");

WHEREAS, on September 30, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant Rolon pled guilty to Count One of the Indictment, and during the hearing, the United States gave a recitation of the facts, referenced the Currency being forfeited, and how the Currency being forfeited constituted, or was derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and/or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, and Defendant Rolon did not object, and therefore consented to the forfeiture of all of his interests in the Currency;

WHEREAS, on April 11, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant Mendez-Luz pled guilty to Count One of the Indictment, and during the hearing, the United States gave a recitation of the facts, referenced the Currency being forfeited, and how the Currency being forfeited constituted, or was derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and/or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, and Defendant Mendez-Luz did not object, and therefore consented to the forfeiture of all of his interests in the Currency;

WHEREAS, on January 4, 2017, this Court issued a Preliminary Order of Forfeiture against the Currency, as to Defendant Rolon, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, August 30, 2017, this Court issued a Preliminary Order of Forfeiture against the Currency, as to Defendant Mendez-Luz, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, in addition, this Court ordered the Defendants to forfeit the Currency, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, Notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on January 18, 2018 and ending on February 16, 2018;

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Currency, and are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Currency are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Currency in accordance with applicable law.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

_____
F. DENNIS SAYLOR, IV
United States District Judge

Dated: 7-10-18